## McGOLDRICK v. METCALF.

(*City Court of Brooklyn, General Term.* April 27, 1891.)

INJURY TO EMPLOYE—ASSUMPTION OF RISK.

Plaintiff, while working in defendant's employ, on a round and heavy iron casting lying on a truck, moved it about nine inches up an incline, and allowed it to roll slowly back, until it struck a rung that had previously held it in place, which broke, and the casting fell on plaintiff, injuring him. The rung was cross-grained, but, if the casting had not been moved, would have held it. *Held,* that plaintiff, in moving the casting, knowing the danger, without asking help or wedging the casting, assumed the risk, and could not recover from defendant.

Appeal from trial term.

Action by Michael McGoldrick against Samuel Metcalf. Defendant appeals from a judgment for plaintiff entered on the verdict of a jury, and from an order denying a motion for a new trial.

Argued before CLEMENT, C. J., and VAN WYCK, J.

*Charles C. Nadal,* (*Thomas S. Moore* and *M. L. Towns,* of counsel,) for appellant. *Edmund K. Terry,* for respondent.

CLEMENT, C. J. The plaintiff is an iron chipper by trade, and prior to the date of his injury had worked for the defendant for nearly eight years. On March 10, 1890, the plaintiff was ordered by the defendant to hurry out and chip the fins from a casting which was lying on a truck in front of the shop. The casting was in the form of a cylinder, with flanges on either end, and weighed 1,250 pounds. The plaintiff, finding that the rear wheels of the truck interfered with the removal of the fins on the inside of the casting, got upon the truck, and moved the casting about nine inches towards the front, nipping it up, so that one end of the casting became higher than the other, using a stick for that purpose. He then allowed the casting to roll back slowly in such a manner that one end of it would be nearer the front of the

truck than the other, until it struck a wedge that had previously held it in position. This wedge, which had been put in by the driver of the truck, was cross-grained, and broke by reason of the rolling of the casting against it. The casting rolled upon the ground, and fell on plaintiff, who thereby sustained severe injuries. The wedge, if the casting had not been moved, according to the testimony of the witness for the plaintiff, would have held three to five tons. The plaintiff did not ask the other employes to aid him in moving the casting. The foregoing statement of facts is as favorable to plaintiff as can be made. We are of opinion that the case should have been dismissed. The allegation in the complaint that the defendant had carelessly allowed the rung to become rotten, weak, unsafe, and insecure was not proven. On the trial it was shown that the rung was cross-grained, and the verdict must have been found on such fact. The law as to the duty of the master towards the servant is plain. "His duty is discharged when he furnishes a machine which is reasonably safe and suitable; * * * that is, safe, considering the use for which it is designed." *Hickey* v. *Taaffe*, 105 N. Y. 26, 12 N. E. Rep. 286; *Stringham* v. *Hilton*, 111 N. Y. 198, 18 N. E. Rep. 870. "He did not owe the duty to his workmen to furnish the best known or the best conceivable appliances." *Burke* v. *Witherbee*, 98 N. Y. 562; *Hickey* v. *Taaffe*, 105 N. Y. 26, 34, 12 N. E. Rep. 286. Applying the law to the facts of this case, it was the duty of the defendant to furnish a rung which was reasonably safe,—safe, considering the use for which it was designed. It was used to hold the casting, and prevent it from falling off, but was not designed to hold a casting rolled against it. According to the undisputed testimony, if the casting had not been moved, the rung would have held it, even though it weighed three tons. The plaintiff should have asked for help from his fellow-workmen before he attempted to move the casting, or should himself have wedged it. Other wedges lay by the truck, and the plaintiff held back the casting with a stick, and it was only after he threw the stick away that the casting broke the wedge. The plaintiff had worked about a foundry for eight years, and knew that the casting was round and heavy, and might roll upon him if not properly held back. When he attempted to roll a weight of 1,250 pounds with a stick up an incline, we think that he took the risk, in case any appliance broke, which, if the casting had not been moved, was reasonably safe for its purpose. Judgment and order denying new trial reversed, and a new trial granted, costs to abide the event.