## McGOLDRICK *v.* METCALF.

(*City Court of Brooklyn, General Term.*  February 23, 1892.)

MASTER AND SERVANT—ACTION FOR INJURIES—CONTRIBUTORY NEGLIGENCE.

An iron cylinder, weighing 1,250 pounds, on which plaintiff was working, was retained in its place on an inclined plane by a wooden rung, amply sufficient for its purpose while the cylinder was stationary.  Plaintiff moved the cylinder up the plane about 10 inches, and allowed it to return against the rung with such force as to break it, and the cylinder rolled on plaintiff, and injured him.  The only claim of negligence on the part of defendant was that the rung was cross-grained.  There were other rungs and pieces of wood at hand, which plaintiff might have used.  *Held*, that plaintiff's recovery was barred by contributory negligence.

Appeal from trial term.

Action by Michael McGoldrick against Samuel Metcalf.  From a judgment for plaintiff, defendant appeals.  For former report, see 14 N. Y. Supp. 269.  Affirmed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

*Edmund K. Terry*, for appellant.  *Chas. C. Nadal*, for respondent.

CLEMENT, C. J.   The plaintiff was directed by the defendant, his employer, to chip off the rough places on an iron cylinder, which was at the time on a truck, in front of the defendant's foundry.  The cylinder had just been placed on the truck, and was blocked only by a piece of wood, called a "rung."  The plaintiff had been directed, on the prior day, to do the same work in the foundry, and before the cylinder was loaded, and says that he did a portion, and, on his return on the day that he was injured, forgot to go on with the work until he was directed so to do by the defendant.  McGoldrick had done similar work before, and had been working in the foundry for several years.  Other castings were to be placed on the truck, and we understand from the testimony that the rung was placed behind the cylinder simply as a temporary block until the truck was loaded.  The plaintiff commenced to work, and, finding the cylinder in an inconvenient position, moved it.  He stood on the truck behind the cylinder, and rolled it up about 10 inches, with the aid of a long stick; then turned the cylinder slightly, and allowed it to come back against the rung with such force as to break it.  The cylinder then rolled upon plaintiff, who thereby sustained severe injuries.  The plaintiff could have called upon fellow-workmen to assist him, and there were other rungs and sticks of wood at hand.  On the former appeal (14 N. Y. Supp. 269) we held that the plaintiff should have been nonsuited.  The only substantial difference in the record now before us is in the expert testimony.  An expert called by plaintiff on the trial testified that he would not trust the rung in question to hold a weight of 100 pounds.  On the former trial it was conceded that the rung would hold a weight of three tons, provided the cylinder had not been moved.  It is undisputed that the rung was only placed behind the cyl-

inder temporarily, until other castings were put on the truck; that rungs of the same kind were ordinarily used for such a purpose; that the plaintiff knew the use of the rung; and that it held the cylinder until moved by the plaintiff. The fact that the rung was cross-grained is the only claim of negligence made by the plaintiff. We hold that the rung was sufficient for the purpose for which it was used,—simply as a wedge to hold the cylinder temporarily. "When he attempted to roll a weight of twelve hundred and fifty pounds, with a stick, up an incline, we think that he took the risk in case any appliance broke, which, if the casting had not been moved, was reasonably safe for its purpose." See former opinion. Judgment affirmed, with costs.